## No. 9291.

### GORRELL ET AL. *v.* BEVANS ET AL.

1. SCHOOL DISTRICTS—*Transfer of Territory.* Section 5909 of the Revised Statutes authorizes the County Superintendent of Schools to transfer territory from one district to another without notice, or hearing.

2. CONSTITUTIONAL LAW—*Property, what is.* The lands within the limit of a schol district are not the property of the district within the meaning of the Constitution. The transfer of a part of one district to another violates no property right of the district from which the transfer is made.

3. *Right in District Property.* Neither the directors, as such, nor the individual tax payer have any interest legal or equitable in the school house or other properties of the district. All such properties stand in the district *co nomine,* and not in the directory.

4. PLEADING—*Parties.* A school district is not a party to an action brought by the directors thereof to enjoin the transfer of a school house to another district.

*Error to Jefferson District Court, Hon. Jesse C. Wiley, Judge.*

*In banc.*

Mr. GEORGE B. CAMPBELL and WILLIAM A. REEF, for plaintiff in error.

Mr. REES D. REES and CAESAR A. ROBERTS, for defendant in error.

Opinion by Mr. Justice Denison.

SCHOOL District 41 in Jefferson County adjoins School District No. 16. It had two school houses in different parts of its territory; one of wood and a better one of brick. Upon petition of certain residents thereof, the County Superintendent, under G. S. 1908, § 5909, transferred a part of the district, containing the better school house, to District 16.

This was done without notice to District 41.

An appeal was taken to the State Board of Education by whom the action of the County Superintendent was affirmed and this suit was then brought to enjoin action pursuant to the transfer.

The District Court found for defendants, and the plaintiffs bring error.

1. The defendants claim that R. S., § 5909 authorizes the County Superintendent, upon petition, to transfer territory from one district to another, without notice and without hearing; the plaintiffs, on the other hand, insist that the final words of the section, "subject always to the limitation provided in Section 28," which is R. S., § 5908, demand

the fulfillment of all the requirements of § 5908 before the superintendent may make the transfer.

We think the defendants are right in their contention, because

First: The only parts of § 5908 (28) that can accurately be called limitations and are applicable to a case of transfer of territory are contained in the provisos as to area and number of children. It is not contended that these conditions are not fulfilled in the present case.

Second: The other provisions of this section consist of requirements for elections and other proceedings for the formation of a new district, and some of such requirements, necessary for that purpose, are not in § 5908 (28) but in § 5907 (27).

Third: The language of § 5908 as to meeting, election, etc., does not fit the case of a transfer of territory but the formation of a new district.

Fourth: A review of the legislation on this subject indicates that the clause in question refers only to the provisos. See G. L. 1877, §§ 2474-5; S. L. 1879, 164, § 6; S. L. 1887, 385, § 13; S. L. 1889, 333, § 1; S. L. 1903, 427, § 1.

2. But plaintiffs urge that if the law means what defendants say it does, it is unconstitutional in that it deprives District 41 of its property without notice or opportunity to be heard, and therefore without due process of law.

The territory of the district is not its property but merely within its jurisdiction, if we may so use that word. The legislature changes the boundaries of counties and other *quasi* municipal corporation at will, without violating anybody's constitutional rights, which it could not do if the land were property. There is, therefore, no question of due process of law concerning the transfer of the territory.

3. The argument that the school house or some interest therein is the property of the directors or individual taxpayers and that by its transfer the constitutional rights of the plaintiffs as school directors or as individuals have been invaded we do not regard as sound. The directors have no interest as such. The property is not theirs but the dis-

trict's. R. S., §§ 5913-14. The individual taxpayers do not own the property nor have they any legal or equitable interest in it. Their rights are analogous to those of stockholders, which neither equity nor law will protect, except through the corporation, till that body is shown to be hostile or at least negligent of their rights after request. We do not agree with the *dictum* in *Florman v. School Dist.*, 6 Col. App. 319, 322, 40 Pac. 469, that the school district is not the owner of the school house. The provision in G. S., § 5925, par. 6th, that the directors shall hold in trust all property, must be construed with § 5913, empowering the district to hold property in its name, which name is there designated. The title, then, is in the district, and its board of directors, like any body of directors, holds the property and administers it for the benefit of the district.

4. If it be argued that the school house is the property of District 41 in fee, that it is sought to be transferred, by the superintendent's order, to District 16, and that District 41 cannot be constitutionally divested of it without due notice, hearing and compensation; this may be true, but, if it is, then the title to the property of the district, including the school house and the land on which it rests, standing in the name of District 41, does not pass to District 16, but remains in District 41, which is not a party to this proceeding, and not entitled to relief here.

We do not think that a transfer of territory, otherwise lawful, is invalidated by such a state of facts.

The judgment should be affirmed.

Judgment affirmed.

Scott J. dissents.