Marvin D. WILLIAMS,
Plaintiff–Appellee,

v.

BOARD OF EDUCATION OF the EAST OTERO SCHOOL DISTRICT R–1 and Fred L. Freidenberger, Defendants–Appellants.

Nos. 86CA0237, 86CA0326.

Colorado Court of Appeals,
Div. III.

Dec. 31, 1987.

Michael T. Mitchell, Rocky Ford, for plaintiff-appellee.

Ralph N. Wadleigh, La Junta, for defendant-appellant Bd. of Educ.

Michael W. McDivitt, La Junta, for defendant-appellant Fred L. Freidenberger.

CRISWELL, Judge.

Defendants, Fred L. Freidenberger and the Board of Education of East Otero School District R–1 (the Board), appeal from the summary judgment entered by the trial court, decreeing that the Board's sale of surplus school land to Freidenberger was void. We reverse and remand for further proceedings.

In June 1985, the Board declared a former school site to be surplus property, determined that the land and improvements would not be needed in the foreseeable future, and decided to offer the property for sale. By published notice, it advised the public that it was accepting sealed bids for the property and noted that it reserved the right to "reject any and all bids." This advertisement set no terms for the sale and did not restrict any bidder from seeking to acquire the property on other than a cash basis.

Four persons, including Freidenberger, submitted bids. Three bids offered to acquire the property for cash only, with the offered prices ranging from a low of $8,000 to a high of $15,501. Freidenberger's bid offered to pay cash in the amount of $12,-610. In addition, however, his bid offered "to give the lunchroom and a parking area to the North La Junta Community," and to consider, at a later date, the creation of a public park on the premises. By a majority vote, the Board accepted Freidenberger's bid.

Shortly thereafter, the Board conveyed this property to Freidenberger. However, neither the contract documents nor the deed of conveyance were placed in evidence, so that it is impossible to determine how the parties ultimately implemented the non-cash terms of Freidenberger's bid.

Plaintiff, who had submitted the highest cash bid, then instituted this litigation, claiming that he had submitted the highest bid, and that the bid accepted by the Board did not comply with the specifications contained within the advertisement. He asserted that the acceptance of the Freidenberger bid was contrary to law.

The parties filed cross-motions for summary judgment, providing to the court the Board's minutes, the advertisement and the bids, and agreeing that no material facts were in dispute. After considering the foregoing facts, the trial court, relying upon *Gorrell v. Bevans*, 66 Colo. 67, 179 P. 337 (1919), concluded that the Board held the property of the school district in a fiduciary capacity for the benefit of the taxpayers of the district and that it was

required to accept the highest bid in order to fulfill this fiduciary obligation. In addition, it concluded that the Board's action "deprived plaintiff of his right to bid according to law." Thus, it directed that the sale to Freidenberger be rescinded and ordered that the Board convey the property to plaintiff upon his payment of the amount bid by him.

Freidenberger and the Board contend that the court erred in reaching this determination. They assert that the present statute governing the sale of school property does not require that such property be sold only for cash and that the decision in *Gorrell v. Bevans, supra,* does not mandate a declaration that the instant sale was invalid. We agree.

The only pertinent statute regulating the sale of school property is § 22–32–110(1)(e), C.R.S. (1987 Cum.Supp.). That statute authorizes a board of education:

"To sell and convey district property which may not be needed within the foreseeable future for any purpose authorized by law, *upon such terms and conditions as it may approve....*" (emphasis supplied)

Nothing within this statute requires a school district to engage in a bidding procedure or to sell its property only for cash. On the contrary, it is specific in allowing the Board to exercise its discretion in determining the "terms and conditions" that it will agree upon in any sale transaction.

Of course, any non-cash consideration must be such that the acceptance of the same by the school district will forward one of the public purposes for which the school district was formed. However, § 22–32–110(1)(f), C.R.S. (1987 Cum.Supp.) specifically authorizes a school district to "permit the use of district property by community organizations upon such terms and conditions as it may approve." And, we cannot say, based solely upon the contents of Freidenberger's bid, and without a review of the later contract documents, that reserving a portion of the property for the use of the North La Junta Community would be beyond the purposes contemplated by this statute.

Moreover, *Gorrell v. Bevans, supra,* has no applicability to the issues raised here. There, in determining that a board of education has no standing to contest an order of the county superintendent of schools transferring property from one school district to another, the court noted that the members of the board had no individual interest in school property, but held it as fiduciaries. That decision did not address the question whether a board of education would violate its fiduciary obligation by accepting non-cash consideration in the sale of school district property.

We conclude, therefore, that the trial court's entry of summary judgment was improper because the facts submitted to it were insufficient to sustain the conclusion that the Board violated any public policy.

Finally, even if it is ultimately determined that the sale of the property to Freidenberger in accordance with the terms of his bid would be improper, so that a decree setting aside such sale would be appropriate, a mandatory injunction, compelling the Board to sell the land to plaintiff in accordance with his bid, would be inappropriate. The Board's invitation to bid specifically reserved to the Board the right to reject any and all bids. Thus, even if the sale to Freidenberger would be improper, the Board would still be under no obligation to sell to plaintiff. *See Superior Hydraulic v. Town Board of Islip,* 88 App.Div.2d 404, 453 N.Y.S.2d 711 (1982).

The judgment is reversed and the cause is remanded to the district court for further proceedings consistent with the views contained herein.

KELLY and TURSI, JJ., concur.